**HARPER OIL COMPANY, a corporation, Plaintiff in Error,**

v.

**T. Z. HAYES and Clara B. Hayes, and the Corporation Commission of Oklahoma, Defendants in Error.**

**No. 41499.**

Supreme Court of Oklahoma.

March 21, 1967.

Rehearing Denied June 6, 1967.

T. Murray Robinson, William N. Christian, of Robinson, Robertson & Barnes, Oklahoma City, for plaintiff in error.

Ferrill H. Rogers, Oklahoma City, for Corporation Commission.

Murphy & Evans, Kingfisher, for T. Z. Hayes and Clara B. Hayes.

WILLIAMS, Justice.

This is an appeal from Order No. 57891, entered by this State's Corporation Commission (hereinafter referred to as the "Commission") on March 12, 1965, in its Cause CD–19806, involving the well-spacing of certain described property in Garfield County, Oklahoma.

For an understanding of the issue involved herein, a recitation of the well-spacing history of this property is required.

In June, 1962, the Commission, by order No. 49133, established 640 acre drilling and spacing units for the production of gas and gas condensate from the Mississippian formation underlying certain lands in Garfield and Major Counties, Oklahoma. The property covered by Order No. 49133 included Section 26, Township 22 North, Range 8 West, Garfield County, in which lies the particular property involved herein.

Thereafter, Harper Oil Company (hereinafter referred to as "Harper") and others drilled a well known as the Tom Hayes Unit No. 1 in the Southwest Quarter of said Section 26, under which T. Z. Hayes and Clara B. Hayes, defendants in error herein, owned part of the minerals. This well was completed in a lower portion of the Mississippian, more particularly designated as the Lower Osage, and such completion resulted in a well that produced both gas and oil, with a gas-oil ratio of less than 4000 cubic feet of gas per barrel of oil.

Subsequent to the completion of the Tom Hayes Unit No. 1, Harper filed with the Commission an application in Cause CD–18922 for permission and authority to drill three additional wells in Section 26. This permission was granted by the Commission in its Order No. 53477. Harper then drilled a second well in Section 26, known as the Hayes No. 2 well, which was completed as a gas well. This well was located in the Northeast Quarter of the Northwest Quarter of Section 26.

In March, 1965, T. Z. Hayes and Clara B. Hayes filed an application with the Commission alleging that the production of the Tom Hayes Unit No. 1, described as being in the center of the Northeast Quarter of the Southwest Quarter of Section 26, Township 22 North, Range 8 West, Garfield County, was from "a new and hitherto unspaced common source of supply of oil in the Lower Osage formation; (T)hat at the time Order No. 49133 was entered spacing the Mississippian formation into 640 acre drilling and spacing units for the production of gas and gas condensate, no well had penetrated the Lower Osage formation and it was not then known that such formation was or might be productive of oil"; that the Tom Hayes Unit No. 1 "has demonstrated such Lower Osage to be productive of oil and it should be removed from the purview of Order No. 49133"; and, "that such common source of supply will extend throughout the area". The applicants then prayed

"(T)hat upon hearing Order No. 49133 be amended to remove therefrom any application of such order to the Lower Osage formation throughout Sections above described and for such other order as may be proper."

Notice was then given of a hearing "upon the application of T. Z. Hayes and Clara B. Hayes for an order amending Order No. 49133, establishing 640 acre drilling and spacing units for the production of gas and gas condensate from the Mississippian formation, to remove therefrom any application of such order to the Lower Osage formation" underlying certain described property. Notice was further given "that applicants state that the Lower Osage formation in said sections is productive of oil, not gas, and the sections and land described should not have been included within the purview of Order No. 49133". At the hearing, applicants amended by dismissing as to all lands except Section 26.

The only expert witness testifying at the hearing below was a Mr. Dooley, a petroleum engineer, who testified on behalf of the applicants. In brief summary, he testified that the Mississippian formation under the entire area is shallow to the north where it produces predominantly gas, and is deeper to the south where it produces predominantly oil; that the Tom Hayes Unit No. 1 is located in the transition zone and is an oil well; that under the area in question, the Mississippian formation is a single reservoir with communication throughout the entire reservoir; that the lower portion of the Mississippian formation, but still part of such formation, is called the Lower Osage; that the production of gas off the top of this reservoir will reduce the amount of oil recoverable as such production will lessen the gas pressure necessary to produce the oil; and, that an oil well would not drain 640 acres, but would satisfactorily drain 80 acres.

Thereafter, the Commission entered the following order:

"IT IS THEREFORE ORDERED by the Corporation Commission of Oklahoma, as follows:

"1. That the common source of supply found in the Harper-Hayes Unit No. 1 well located in the NE/4 of the SW/4 of Section 26, Township 22 North, Range 8 West, Garfield County, Oklahoma, should be and the same is hereby excluded from that common source of supply described in Order No. 49133.

"2. That Order No. 49133 does not include within its purview the common source of supply encountered in the Harper-Hayes Unit No. 1 Well described above.

"3. That Order No. 49133 should, and does, remain in full force and effect as to the Mississippian formation gas and gas condensate common source of supply underlying all of Section 26, Township 22 North, Range 8 West, Garfield County, Oklahoma, but said order has not been operative as to, and is not operative as to the common source of supply producing in the said Harper-Hayes Unit No. 1 Well."

\*   \*   \*   \*   \*.   \*

From this Order, Harper appeals.

In our opinion, the issue dispositive of this appeal, is whether under 52 O.S.1961, § 87.1, as amended, 52 O.S.1963 Supp. § 87.1, the Commission was authorized to enter the order herein complained of.

In Meredith v. Corporation Commission, Okl., 368 P.2d 828, this Court was presented with almost precisely the same question as is presented herein. In *Meredith,* as here, a well had been drilled on a 640 acre well-spacing unit and completed in a formation which the Commission previously had found to be a common source of supply of gas. After the completion of the well, a dispute arose as to the distribution of the royalties, the landowner contending that such royalties should not be apportioned to all royalty owners in the 640 acre unit. To settle this dispute, an application was filed with the Commission for clar-

ification of the former well-spacing orders with respect to this oil well and the 640 acre unit on which such well was drilled. In its order in such proceeding, the Commission found that the prior well-spacing orders governed the distribution and production of *all* hydrocarbons from the common source of supply and required the royalties from such well to be apportioned among all owners in the 640 acre unit.

On appeal from this order, we stated that "(T)he sole issue is the rule to be applied to a well which produces oil in an area designated as a common source of supply for gas". It was our opinion that this issue could be raised and determined under the original well-spacing orders without any reference to the clarification order appealed from.

In answering this issue, we stated at 368 P.2d 831:

"Considering the matter from this viewpoint, what is the effect of bringing in an oil well in an area designated as a common supply for gas? Should different rules be applied to such a well than those designated for a gas well? The answer to this depends upon the application to be made of the limitation contained in Title 52 O.S.1951 Sec. 87.-1(c) which provides:

" 'The Commission shall not establish well spacing units of more than forty (40) acres in size covering common sources of supply of oil * * *.'

"It is our construction of this particular statutory limitation that it has application only to area designated as a common source of supply of oil. We have no doubt that when the well located on the Meredith land was begun that it was believed that it would be a gas well as the majority of other wells in that area were. The fact that it proved to be an exception to the result usually obtained in the area does not compel a change in the spacing. To hold this could result in nothing but confusion. For example, the adoption of the rule

contended for by appellant would mean the changing of the spacing order after the well came in, in any instance where an oil well occurred in a gas area. It would mean a change of spacing in each instance where the production of a particular well became predominantly oil where it had originally been a gas well.

"It is our opinion that where an area has been properly designated and classified as a common source of supply for gas, and a well drilled in such area proves to be an exception to the general result in that it is an oil well, this spacing order and consequent division of royalty under the order originally made for gas wells are both legal and binding."

At the conclusion of our opinion in Meredith, we stated that "(A)n administrative remedy for the situation, if it exists, is provided by" 52 O.S.1961, § 87.1(c), which, in part, grants the Commission jurisdiction, upon proper notice, "to decrease the size of the well spacing units or to permit additional wells to be drilled within the established units, upon proper proof * * * that such modification or extension" will prevent or assist in preventing waste "or will protect or assist in protecting the correlative rights of persons interested" in the common source of supply.

We herein take note that subsequent to *Meredith*, the provisions of 52 O.S.1961, § 87.1(a) were amended to provide other possible remedies where an oil well is drilled in an area previously classified as a common source of supply for gas. However, the defendants in error are not seeking relief herein on the basis of these provisions added by amendment and contained in 52 O.S.1963 Supp. § 87.1(a).

It is clear from our decision in *Meredith* that once an area is properly classified as a common source of supply of gas, all hydrocarbon production from such area will be controlled by the well-spacing order so classifying the area, at least until completely or partially replaced by a later order providing different spacing (which

the order appealed from herein does not purport to do). In the instant case, the area had been classified as a common source of supply of gas. Thus, the production of oil from the Tom Hayes Unit No. 1 is now controlled by the previous well-spacing order designating the common source of supply and establishing 640 acre well-spacing units.

■ We have noted that defendants in error have not sought relief under the provisions of 52 O.S.1963 Supp. § 87.1(a). Thus, under our decision in *Meredith,* an administrative remedy if the Hayeses have one for this situation, is provided by 52 O.S.1961, § 87.1(c). However, the defendants in error are apparently not seeking relief under this administrative remedy either. They are not seeking to decrease the size of the well-spacing unit or permission to drill additional wells. Rather, they filed their application and requested that the prior well-spacing order "be amended to remove therefrom any application of such order to the Lower Osage formation." The Commission, in Finding No. 7 of its report herein, found that the Tom Hayes Unit No. 1 is "an oil well and the same should be excluded from the purview of the order spacing the Mississippian formation for gas and gas condensate, since said well *is producing from a portion of said formation that could not be covered by a gas and gas condensate spacing order.*" (Emphasis added). The Commission's order herein states that the prior well-spacing order "does not include within its purview the common source of supply encountered" in the Tom Hayes Unit No. 1.

From this recitation, in our opinion it is clear that the remedy sought by defendants in error and granted by the Commission was not the proper one under our decision in *Meredith.*

In their brief filed herein, defendants in error apparently are arguing that the Lower Osage is a common source of supply of oil and, that since the previous well-spacing order applied to only gas and gas condensate, the Commission was empowered to enter the order herein.

However, from the evidence submitted below, including the testimony of the expert witness of defendants in error and as vouchsafed by the fact they contend the production of gas in the Mississippian (said to include the Lower Osage) reduces the pressure required to lift the oil from their well in question, it is clear that the Lower Osage is part of the Mississippian formation, which formation is a common source of supply with vertical communication throughout the area. The contention of defendants in error that the prior spacing order applied to only gas and gas condensate has previously been answered.

For the reasons stated, it is our opinion that the Commission erred in entering the order appealed from herein. Our above discussion disposing of this appeal makes a treatment of any other contention made by plaintiff in error unnecessary.

The order appealed from is reversed.

All the Justices concur in this opinion.